

## IN THE UNITED STATES DISTRICT
## COURT OF MASSACHUSETTS



LOVOS, BUENAVENTURA
Appellee,

— VS —

TERRY O'BRIEN, 04 — 12072 PBS
Appellant,

MAGISTRATE JUDGE Cohen

## WRIT OF HABEAS CORPUS

## " APPELLEE'S BRIEF "

Lovos, Buenaventura
Reg. 24035-038
<u>Appellee</u>
Federal Correctional Institution
P.O. Box 6001
Ashland, Ky 41105
(606) 928-6414

IN THE UNITED STATES DISTRICT
COURT OF MASSACHUSETTS
*******

LOVOS, BUENAVENTURA,
    Appellee,


    - VS -                                    District Court Case No.
                                              1:01-CR-10369-005-PBS
TERRY O'BRIEN,
    Appellant,

_____/


### WRIT OF HABEAS CORPUS

Now comes, **LOVOS BUENAVENTURA**, Pro se, before this United States
District Court hereby states that, petitioner is a federal prisoner
at the Federal Correctional Institution; Located at Ashland, Ky,
and hereby request this Honorable Court to grant habeas relief
by order directing the Bureau of Prison's (hereinafter B.O.P.),
to recalculate petitioner's good time credit for his "TERM OF
IMPRISONMENT" as required by Title 18 U.S.C. § 3624 (b) (1) which
expressly provides:

> "...a prisoner who is serving a **term of imprisonment**
> of more than 1 year...may receive credit toward the
> service of the prisoner's sentence, beyond the time
> served, of up to 54 days at the end of the each year
> of the term of imprisonment beginning at the end of
> the first year of the term...[C]redit for the last
> year or portion of a year of the **term of imprisonment**
> shall be prorated and credited within the last six
> weeks of the sentence."

i

Petitioner will clearly demonstrate that his statutory and constitutional rights are hereby being violated by the "B.O.P." misinterpretation of Title 18 U.S.C. § 3624 (b), as the "B.O.P." continues to ignore the content of the Federal Statute, depriving Petitioner of his eligibility for a full 54 days of good time credit for each year of his "TERM OF IMPRISONMENT" to which he is statutorily entitled.

## TABLE OF CONTENTS

                                                          **Pages**

DISCLOSURE OF WRIT OF HABEAS CORPUS ........................  i
                                                            ii

TABLE OF CONTENTS ........................................  iii

INDEX OF AUTHORITIES .....................................  iv
                                                            v

PARTIES ..................................................  1

STATEMENT OF COURT JURISDICTION ..........................  2

EXHAUSTION OF REMEDIES ...................................  3,4

STATEMENT OF FACTS .......................................  5,6

STATEMENT OF LAW .........................................  7-13

SUMMARY OF ARGUMENT ......................................  14

CONCLUSION ...............................................  15

CERTIFICATE OF SERVICE ...................................  16

## INDEX OF AUTHORITIES

**Cases**                                                                                                    **Pages**

Anderson v. Miller, 772 F.2d 375.................................  3

Clark v. Thompson, 960 F.2d 663 (7th Cir. 1992).............  3

Deltona v. Alexander, 662 F.2d 888 (11th Cir. 1982).........  3

Finnerty v. Cowen, 508 F.2d 979.............................  3

Malosh v. Crabtree, 758 F. Supp 620 (1991)..................  3

United States v. Lovos, Benaventura, Case No. 1:01CR10369-
005-PBS.....................................................  5

White v. Scibana, Case No. 03-C-581-C.......................  7

Cline,--- U.S. at ---, 124 S.Ct. at 1245....................  9

United States v. Martin, 100 F.3d 46, 47 (7th Cir. 1996).... 10

United States v. Prevatte, 66 F.3d 840, 846 (7th Cir. 1995). 11

Alaska Department of Environmental Conservation v. EPA,
--- U.S. --- 124 S.Ct. 983, 157 L.Ed. 2d 967 (2004)......... 11

Yellow Transportation, Inc. v. Michigan, 537 U.S. 36, 45,
123 S.Ct. 1291, 146 L.Ed. 2d 377 (2003)..................... 11

FDA v. Brown & Williamson Tobacco Corp., 529, U.S. 120,
125-26, 120 S.Ct. 1291, 146 L.Ed. 2d 121 (2000)............. 11

General Dynamics Land Systems, Inc. v. Cline, U.S. ---, ---,
124 S.Ct. 1236, 157 L.Ed. 2d 1094 (2004)................... 12

King v. St. Vincent's Hospital, 502 U.S. 215, 221, 112 S.Ct.
570, 116 L.Ed. 2d 578 (1991)............................... 12

Chevron U.S.A. v. Natural Resources Defense Council,
467 U.S. 837, 842-43 (1984)................................ 12

United States v. Labonte, 520 U.S. 751, 762 n. 6 (1997)..... 12

Glover v. United States, 531 U.S. 198, 204 (2001)........... 13

iv

**STATUTES**                                                        **Pages**

18 U.S.C. § 3624 (b) ........................................  1

28 U.S.C. § 2141 ...........................................  2

28 U.S.C. § 1331 ...........................................  2

28 U.S.C. § 1343 (4) .......................................  2

28 C.F.R. § 523.20 .........................................  4

Program Statement 5880.28 ..................................  4

18 U.S.C. § 371 ............................................  5

18 U.S.C. § 3624 (b) .......................................  5

Program Statement 5880.28 ..................................  5

18 U.S.C. § 3624 (b) .......................................  5

18 U.S.C. § 3624 (b) .......................................  6

18 U.S.C. § 3624 (b) .......................................  7

28 C.F.R. § 523.20 .........................................  7

Program Statement 5880.28 ..................................  7

18 U.S.C. § 3624 (b) .......................................  7

18 U.S.C. § 3624 (a) .......................................  8

18 U.S.C. § 3624 (b) .......................................  8

18 U.S.C. § 3624 (c) .......................................  8

18 U.S.C. § 3624 ...........................................  9

18 U.S.C. § 3147 ...........................................  9

18 U.S.C. § 3156 (a) (3) ...................................  9

18 U.S.C. § 3582 ...........................................  10

18 U.S.C. § 3584 (a) .......................................  10

28 U.S.C. § 994 (b) ........................................  10

18 U.S.C. § 3624 (b) .......................................  10

18 U.S.C. § 3624 ...........................................  12

## PARTIES

Petitioner is presently serving his "TERM OF IMPRISONMENT" at the Federal Correctional Institution pursuant to the judgement of the United States District Court of Massachusetts.

Currently, the Warden of the Federal Institution is Mr. Terry O'Brien, and through the Bureau of Prison's, an agency of the United States Department of Justice; and accordingly, Mr. Terry O'Brien is directly responsible for petitioner's good time credit against the "TERM OF IMPRISONMENT" for which he is eligible to receive a full 54 days of good time credits for every year he was sentenced to, by the District Court while confined at this Federal Institution.

In accordance with Title 18 U.S.C. § 3624 (b) without any additional presumed or wrongly  implied authority to deviate from the Laws and Statutes of these United States of America.

- 1 -

## STATEMENT OF COURT

## JURISDICTION

This Honorable Court has jurisdiction over this action pursuant to Title 28 U.S.C. § 2241 as it is plain to see that petitioner's "TERM OF IMPRISONMENT" in federal custody is being improperly determined and calculated in violation of the U.S. Constitution and Federal Statutory Laws of the United States.

Petitioner invokes the jurisdiction of this Honorable Court pursuant to Title 28 U.S.C. § 1331 in that the action arises out of the U.S. Constitution and Federal Statutory Laws of the United States and seeks immediate corrective action by person(s) who are officer(s) and employee(s) of the United States of America in their official capacity.

Additionally, petitioner further invokes jurisdiction of this Honorable Court pursuant to Title 28 U.S.C. § 1343 (4) as it is clear that petitioner seeks to immediately redress the deprivation of his rights guaranteed by the U.S. Constitution and Federal Statutory Laws.

- 2 -

## EXHAUSTION OF REMEDIES

While the exhaustion of remedies is the general rule, the requirement is neither jurisdictional, nor without exception. See **Anderson v. Miller, 772 F.2d 375**. Other court's have addressed the requirements of the exhaustion of remedies prior to filing a petition to the court and have ruled that the requirement may be waived. See **Clark v. Thompson, 960 F.2d 663 (7th Cir. 1992),** ("Prisoner need not exhaust remedies when challenging constitutionality of procedures used to deny parole"); **Deltona v. Alexander, 662 F.2d 888 (11th Cir. 1982)** ("Courts will not require exhaustion when administrative remedy is inadequate, because it would provide relief, or would be so unreasonably delayed as to create a serious risk of irreparable injury, or when it would be futile, because the claim will be denied"); **Finnerty v. Cowen, 508 F.2d 979** ("... Petitioner should be relieved of his obligation to exhaust his adiministrative remedies. In light of the Bureau of Prisons policy, appeals to the other tiers of the administration process would be futile".)

**Malosh v. Crabtree, 758 F. Supp 620 (1991)** ("Exhaustion of administrative remedies is not a statutory requirement, and failure to exhaust administrative remedies does not deprive the court jurisdiction over habeas petition".)

The B.O.P.'s stance in not recognizing Congress intent, the U.S. Constitution and Federal Statutory Laws, however simplistic, in the calculation of good time credit is established by their routine responses.

- 3 -

That the calculations of an inmate's good time credits are in accordance with 28 C.F.R. § 523.20, and Program Statement 5880.28.

Requiring the administrative remedy process would obviously be unavailing in light of the agency's steadfast position on the matter.   The exhaustion of remedies would also cause irreparable harm to an unknown number of incarcerated individuals, more specifically those inmates who are currently awaiting to be released and are being forced to serve an unlawful extended length of imprisonment not ordered by the court during sentencing based solely on the B.O.P.'s erroneous calculation of good time credit.

## STATEMENT OF FACTS

On February 3, 2003, the Honorable Jugde Patti B. Saris, United States District Court Judge for the District of Massachusetts, sentenced petitioner to a term of imprisonment of 60 months, upon his conviction of Title 21 U.S.C. § 846, Conspiracy to Distribute Heroin & Possession with Intent to Distribute Heroin (CT 1) and Title 21 U.S.C. § 841 (A) (1), Distribution of Heroin & Possession with Intent to Distribute Heroin, & Title 18 U.S.C. § 2 (CT 2);

In United States v. Lovos, Benaventura, Case No. 1:01CR10369-005-PBS. Petitioner has been custody in connection with this offense since 2003. Title 18 U.S.C. § 3624 (b) provides:

> " A prisoner who is serving a term of imprisonment of more than one (1) year...may receive credit toward the service of prisoner's sentence''' of up to 54 days at the end of each year of the prisoner's imprisonment."

However, in violation of the U.S. Constitution and Federal Statutory Laws, under B.O.P. policy, the maximum allowable good time credit that can be awarded to a prisoner sentenced to a year and a day is approximately 47 days because the B.O.P. improperly bases its calculations on the actual time served as improperly set out in Program Statement 5880.28 (June 20, 1997), rather than the correct application on the sentence imposed by Congress's intent when Title 18 U.S.C. § 3624 (b) was passed.

The B.O.P. has continued to wrongfully miscalculate petitioner's good time credit in accordance with their Program Statement 5880.28 to reflect a potential award of approximately 47 days of good

time credited to his sentence served, with a projected release
date with good time credit June 3, 2006 as set by B.O.P. calculation.

However, were the petitioner's Constitutional rights to be
protected, he would be properly granted relief demonstrating
that with the proper calculation of good time credits he would
be entitled to earn approximately 54 days as provided for in
Title 18 U.S.C. § 3624 (b) rather than the approximate 47 days
improperly provided for under the erroneous B.O.P. policy, with
a corrected release date with 15% off sentence is April 28, 2006.

## STATEMENT OF LAW

The Bureau of Prison's (B.O.P.) has promulgated a regulation interpreting 18 U.S.C. § 3624 (b) as awarding good time credit on the basis of "each year served".   28 C.F.R. § 523.20 and the formula used to calculate good time credit in their Program Statement 5880.28, which are both inconsistent with the requirements of 18 U.S.C. § 3624 (b) as intended by Congress when the law was passed.

Under the BOP's formula, an inmate that receives a sentence of one year and one day is eligible to earn up to 47 days of good time credit rather than the 54 days authorized by Congress.

In a recent case, **White v. Scibana**, Case No. 03-C-581-C, the Honorable Judge Barbara B. Crabb concluded that the BOP has no authority to promulgate a regulation that uses "time served" as the basis for the calculation, granting relief by directing the BOP to recalculate the petitioner's good conduct time on the basis of each year of his sentence rather than on time actually served.

In every judgement and commitment order entered in federal court, the trial judge sentences the defendant to be "imprisoned for a term of" whatever the  guidelines demand in that particular case. Given the words in the judgement, the plain meaning of the "term of imprisonment" is the period of incarceration to which the judge sentences a prisoner. Congress made its intent clear by using 54 days-which is about 15 percent of 365 days that good time credit is to be credited [311/+ 54 = 365].

- 7 -

The phrase "term of imprisonment" is used several times in section 3624. None of the other uses supports a "time served" interpretation of "term of imprisonment".

For example, the first sentence of § 3624 (a) provides, "A prisoner shall be released by the Bureau of Prisons on the date of the expiration of the prisoner's term of imprisonment, less any time credited... "This sentence can make sense only if a term of imprisonment is another way of saying the sentence imposed. If "term of imprisonment" means only the time actually served, there would be no need to subtract "time credited" to determine the release date because good conduct time would already be taken into account.

This sentence is in essence a calculation for time served: Sentence imposed minus good time credited equals time served. There is no other way to read the provision.

Similarly, the first sentence of § 3624 (b) provides that any "prisoner who is serving a term of imprisonment of more than 1 year" may earn good conduct time. (Section 3624 (c), also refers to "a prisoner serving a term of imprisonment"). Again, this portion of the statute would make no sense if "term of imprisonment" means the time served. An inmate cannot be "serving" time he has already served.

In this context, if Congress had intended "term of imprisonment" to mean "time served", it could have used the clause "a prisoner who has completed a term of imprisonment of more than one year".

- 8 -

Further, a "time served" interpretation of "term of imprison-ment" in this clause would make determining eligibility for good conduct time a perplexing process when the sentence is just over one year. For example, an inmate who would initially be eligible for good time credit because his sentence was 366 days would become ineligible once his good conduct time was taken into account.

It is true that the presumption that terms have a consistent meaning throughout a single statute may be overcome, as the Supreme Court reaffirmed recently. **Cline, --- U.S. at ---, 124 S.Ct. at 1245.** However, in Cline, the Court concluded that Congress did not intend to define the word "age" uniformly throughout the Age Discrimination in Employment Act because "age" has "several commonly understood meanings among which a speaker can alternate in the course of an ordinary conversation, without being confused or getting confusing". **Id. at 1246.**

Unlike the word "age", the phrase "term of imprisonment" is not a common term in casual conversation. Rather, it is a legal term of art that Congress has employed in dozens of statutes, many of which were part of the Comprehensive Crime Control Act of 1984; the same act in which § 3624 was included. Throughout these statutes, Congress has uniformly used "term of imprisonment" as synonym for "sentence". E.g., 18 U.S.C. § 3147 ("A term of imprisonment imposed pursuant to this section shall be consecutive to any other sentence of imprisonment".); 18 U.S.C. § 3156 (a)(3).

("The term 'felony' means an offense punishable by a maximum term of imprisonment of more than one year".); 18 U.S.C. § 3582, (discussing "factors to be considered in imposing a term of imprisonment"); 18 U.S.C. § 3584 (a), ("If multiple terms of imprisonment are imposed on a defendant at the same time..."); 28 U.S.C. § 994 (b), ("If a sentence specified by the guidelines includes a term of imprisonment, the maximum of the range established for such a term shall not exceed the minimum of that range by more than 25 per centum".).

Replacing "sentence" with "term of imprisonment" does not evince an intent to change the method for calculating good time credits when Congress has used the terms interchangeably in so many other contexts. If anything, Congress's long history of using an inmate's sentence to calculate good conduct time supports a conclusion that Congress would have been more explicit if it had intended to adopt a different policy.

Neither the Supreme Court nor the Court of Appeals for the Seventh Circuit has held explicitly that § 3624 (b) requires the bureau to calculate good conduct time on the basis of the sentence imposed. However, as petitioner points out, the court of appeals has assumed that an inmate may be able to deduct up to 15% of his or her sentence by earning good conduct time, (54 days is approximately 15% of one year). E.g., United States v. Martin, 100 F.3d 46, 47 (7th Cir. 1996), (assuming that inmate could earn 4.5 years of good conduct time on 30 year sentence, or 15% ).

- 10 -

See also __United States v. Prevatte__, 66 F.3d 840, 846 (7th Cir. 1995), (Posner, J., concurring)(assuming that inmate can reduce sentence through good conduct time by up to 14.7%).

When a court reviews an agency's interpretation of a federal statute, the threshold question is whether the interpretation is entitled to deference.  The Supreme Court has applied varying levels of deference depending on the context of the interpretation. E.g., __Alaska Department of Environmental Consernation v. EPA__, --- U.S. --- 124 S.Ct. 983, 157 L.Ed.2d 967 (2004); (internal guidance memoranda entitled to "respect" but not "dispositive force").  __Yellow Transportation, Inc. v. Michigan,__ 537 U.S. 36, 45, 123 S.Ct. 371, 154 L.Ed.2d 377 (2003); (regulation promulgated after notice and comment entitled to highest level of deference when Congress has expressly authorized agency to promulgate rules).

Regardless of the context of the interpretation, the agency is entitled to no deference if Congress has expressed its intent unambiguously in the statute. __FDA v. Brown & Williamson Tobacco Corp.,__ 529, U.S. 120, 125-26, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000).

Agencies may fill gaps in ambiguous statutes; they may not contradict a statute's plain language. Further, a court should conclude that a statute is ambiguous and thus open to gap-filling by agencies "only when the devices of judicial construction have been tried and found to yield no clear sense of congressional intent".

See **General Dynamics Land Systems, Inc. v. Cline,** U.S. ---,---, 124 S.Ct. 1236, 157 L.Ed.2d 1094 (2004).

Words in a statute are not to be read in a vacuum, courts must read the statute as a whole to aid in determining the meaning of each of its parts. **King v. St. Vincent's Hospital,** 502 U.S. 215, 221, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991). A corollary to this rule is that identical words used in different parts of the same statute are presumed to have the same meaning.

The Bureau has **no authority** to calculate credits on the basis of time served if **§ 3624** unambiguously expresses Congress's intent to define **"term of imprisonment"** as **"sentence imposed"**.

The BOP's misinterpretation of § 3624 (b), seriously violates the rights protected by the U.S. Constitution and Federal Statutory laws as well as Congress intent to make the calculation of good time credit to be simple, predictable, and comprehensible.

The misinterpretation is contrary to Congress intent that prisoners are eligible to receive a full 54 days of good conduct time for each year of the "term of imprisonment". See **Chevron U.S.A. v. Natural Resources Defense Council,** 467 U.S. 837, 842-43 (1984); see also **United States v. Labonte,** 520 U.S. 751, 762 n. 6 (1997).

The decision in Scibana, Id. further states:

> " There is no question that the BOP has discretion
> to deny good conduct time when it concludes that the
> inmate's behavior does not warrant it. However, dis-
> cretion in granting good conduct time does not trans-
> late into discretion for choosing the method for cal-
> culating good conduct time. The statute does not say
> that the BOP "may" calculate good conduct time in
> any way it wants."

- 12 -

" Rather, the statute uses the phrase "term of imprisonment" as the basis on which good conduct time must be calculated".

It is highly immoral as well as **illegal** to incarcerate an individual beyond legislative authorization.  The cruel injustice of over-incarceration can only be overcome when the Court's recognize these injustices and act on them by directing that the BOP follow Congressional intent to the letter without variance.

In **Glover v. United States, 531 U.S. 198, 204 (2001),** the U.S. Supreme Court stated: "...any over-incarceration is sufficient to meet the prejudice requirement for a Sixth Amendment violation".

The Court's must grant immediate relief in situations such as these in order to protect the rights of all individuals prejudiced by these unauthorized and illegal acts committed by the BOP.

To turn a blind eye is to ignore the laws governed by the United States Constitution.

## SUMMARY OF ARGUMENT

Between February 3, 2003, and up to the present day the B.O.P. has been miscalculating petitioner's good time credit as it can be seen on petitioner's sentence monitoring computation data sheet entered here as exhibit A.

Mr. Terry O'Brien rejects to comply with petitioner's request to have his good time credit calculated the right way, thus it is clearly shown in the record that petitioner is entitled to earn 54 days of good time for his term of imprisonment; and it is also clear that Mr. Terry O'Brien have the authority to authorize such calculation.

As a result, the petitioner in this motion respectfully request that this Honorable Court remand this case to F.C.I. Ashland, KY. with an ORDER directing Mr. Terry O'Brien to recalculate petitioner's good conduct time on the basis of each year of his sentence rather than on the time actually served.

## CONCLUSION

For all the above stated reasons, the Appellee respectfully request that this Honorable Court remand the case to the F.C.I. with an order from this Court directing Mr. Terry O'Brien to recalculate petitioner's good time credit, and allow him to have his 54 days of good time credit as intended by Congress under § 3624 (b).

Respectfully submitted,

DATED: *9-7-04*

- 15 -

IN THE UNITED STATES DISTRICT
COURT OF MASSACHUSETTS
*******

LOVOS, BUENAVENTURA,
         Appellee,


     – VS –                          District Court Case No.
                                     1:01-CR-10369-005-PBS

TERRY O'BRIEN,
         Appellant,
_____/


### CERTIFICATE OF SERVICE


   The undersigned hereby certifies that on September _9- 7-04_,

2004, he mailed a copy of WRIT OF HABEAS CORPUS to the following:


United States District Court
Honorable Judge,
Patti B. Saris
P.O. Courthouse Bldg.
90 Devonshire St., Room 1805
Boston, MA 02109


                              Respectfully submitted,


                              _____
                              Petitioner
                              Lovos Buenaventura


                         – 16 –