IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

BUENAVENTURA LOVOS,

    Petitioner               :
                                      :    Civil No. 04-12072-PBS
       v.                       :
                                      :
TERRY O'BRIEN, WARDEN,        :
FCI ASHLAND KENTUCKY          :
                                      :
    Respondent.

## GOVERNMENT'S MOTION TO DISMISS
### DEFENDANT'S PETITION FOR LACK OF JURISDICTION

The United States respectfully moves this Court to dismiss petitioner's petition filed pursuant to 28 U.S.C. §§ 2241 and 2255.  As grounds, the government submits the following:

### Background

On February 2, 2003, this Court sentenced defendant Buenaventura Lovos ("Lovos") to a term of imprisonment of 60 months in criminal case 01-10369-PBS and committed defendant to the custody of the U.S. Bureau of Prisons ("BOP").  Thereafter, the BOP designated defendant to the Federal Correctional Institute in Ashland Kentucky where he is currently incarcerated.

On September 28, 2004, Lovos filed the instant writ of habeas corpus petition in this Court.  The petition, filed under 18 U.S.C. § 3624, but styled as a 28 U.S.C. § 2255 petition, challenges how the U.S. BOP in Ashland, Kentucky has calculated his sentence and names the Warden of the prison as the offender. On December 10, 2004, Lovos also filed a petition under 28 U.S.C. § 2255 to vacate, set aside, and correct his sentence in Civil Action 04-12596-PBS.

## Argument

First, defendant is using the wrong statute for relief. Defendant's claim challenges the execution rather than the legality of his sentence. The petition alleges that the BOP in Ashland, Kentucky has miscalculated defendant's good time credits under 18 U.S.C. § 3624. The proper vehicle for attacking the execution of a sentence, including the computation of good time credits, is 28 U.S.C. § 2241. Thompson v. United States, 536 F.2d 459, 460 (1st Cir. 1976); United States v. West, 2003 WL 21475272 (D. Del. 2003).

Second, the petition has been brought to the wrong court: "Such a habeas corpus proceeding is properly brought before the district court with jurisdiction over a prisoner or his custodian." Thompson, 536 F.2d at 461. The U.S. Supreme Court has interpreted § 2241 as requiring the "court issuing the writ [to] have jurisdiction over the custodian." Braden vs. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495 (1973). In this case, the "custodian" of defendant Lovos is the Warden for FCI Ashland, Kentucky. Moreover, since the custodian is located outside the boundaries of the District of Massachusetts, this Court does not have *in personam* jurisdiction over the Warden in Ashland, Kentucky. See Fed. R. Civ. P. 4(k); West, 2003 WL 21475272, * 2. The matter can only be heard by the Court that has jurisdiction over the Warden, the U.S. District Court in the Eastern District of Kentucky where the FCI Ashland lies.

2

Therefore, the Court should dismiss the instant petition and transfer the matter to the U.S. District Court in the Eastern District of Kentucky.

        Respectfully submitted,

        Michael J. Sullivan
        UNITED STATES ATTORNEY

By:   /s/ Neil J. Gallagher, Jr.
     ASSISTANT UNITED STATES ATTORNEY
     Neil J. Gallagher, Jr.
     United States Courthouse
     1 Courthouse Way
     Suite 9200
     Boston, MA 02210
     617-748-3397